Mr. Justice Clayton
delivered the opinion of the court.
This is one of the numerous cases that have grown out of the rash and reckless spirit of speculation, and the heedless contracting of engagements as surety, that prevailed in the community some years ago. When the bubble has burst, an appeal is made to the law, to relieve men from the consequences of their own temerity. A more apt illustration of the whole process could scarcely be found, than is exhibited by this record.
A tract of land and a parcel of negroes were purchased by one Carman, of Sims; the complainant, Johnson, became surety for the purchase-money; Sims transferred the notes to Jones; Car-man proved to be utterly insolvent, and Johnson was sued for the debts. He compromised the suit, gave other claims in place of his own notes, but gave also' a guaranty for their collection. They were not collected. He was sued upon his guaranty, made defence, but failed, and judgments were rendered against him. The defence set up by the plea was a failure of consideration in the original sale by Sims to Carman, in this, that Sims had no title to a part of the land which he sold. This bill is filed to set up the same facts and causes, connected with a charge of fraud in concealing incumbrances and misrepresenting the true state of the title, as grounds for an injunction and relief against the judgments at law. Carman was no party to the suits, either at law or in equity.
As an excuse for this proceeding, it is alleged that the defence was ruled out in the court of law, and the evidence excluded, for the reason that the remedy was in equity.
*582 It is well settled that a vendee who is in possession under covenants of warranty, cannot set up failure of consideration as a defence to a note given for the purchase-money, unless he has been evicted. Hoy v. Taliaferro, 8 S. & M. 727; Heath v. Newman, 11 Ib. 205. Yet he may defend at law for any fraud in the contract of sale, apart from, and independent of, any defect of title. Anderson v. Hill, 12 S. & M. 679.
The same general rule prevails in equity, in cases free from fraud, unless it be shown that the vendor is insolvent, which fact constitutes an exception that authorizes the interposition of e'quity. Wilty v. Hightower, 6 S. & M. 350; Vick v. Percy et al., 7 S. & M. 268; 5 How. 279. In this case the bill alleges that the vendor is insolvent, and the fact is not disputed. The fraud which is alleged might have been set up as a defence at law; having failed to make it in that form, the complainant cannot now resort to equity for the same matter. Thomas v. Phillips, 4 S. & M. 358. The only space open for him to occupy in equity, therefore, is the failure of consideration, coupled with the inability of the vendor to pay the damages which might be recovered upon his covenant. This ground, if there were no other circumstances to prevent, would be open to the principal debtor; is it equally so to the surety?
In Montgomery et al. v. Dillingham, 3 S. & M. 658, this court said, “ the consideration does not pass to the surety. The obligation of the principal is the inducement to him. When the principal waives a defence, he thereby admits the validity of the consideration.” Here there is no express waiver, perhaps nothing which could be construed into an implied one. Without a waiver, the doctrine may be somewhat doubtful. In Burge on Suretyship, 367, it is said, “If a person become surety for the price of an estate which another had purchased, and knowing that the purchaser had been evicted from the estate, pays the price to the vendor, the surety will have no recourse against the purchaser, because he could have avoided paying, by opposing to the vendor the exception arising from the eviction which the purchaser had suffered.” We need not decide this point at present, because, conceding to the complainant the right in this *583 instance to file the bill, still there are obstacles in his way, which cannot be overcome.
This bill is substantially for a rescission of the contract. It was filed in December, 1844. The original contract of sale was made in April, 1836; the first compromise between the complainant and the defendant was in February, 1838. In an application either for a specific performance, or for a rescission of a contract, there must be no unnecessary delay. If the applicant has been negligent, and there has been a change of circumstances affecting the contract in any material particulars, the court will not interfere. Upon a rescission of a contract, it is likewise the duty of the court to restore the parties, as nearly as possible, to the situation they respectively occupied, at the time of making the contract. Ayres v. Mitchell, 3 S. & M. 683; Liddell v. Sims, 9 Ib. 596; Fitzgerald v. Reed, Ib. 103. If, from the conduct of one of the parties, they cannot be placed in their original condition, the court will not rescind in his favor, and at his instance.
In all these respects' the complainant has failed. There was a delay of several years before the filing of the bill, after he knew of the alleged defects of title, or after he might have known them, by the use of reasonable diligence. It is true the, bill states that he had just come to a knowledge of the facts, but the answer shows that he must have known them long previously. If the objections to the title had been promptly made, it is very possible they might have been obviated in time to have met the approbation of the purchaser. The opportunity to do so had passed away before this suit was commenced.
By the compromise the defendant gave up to the complainant the original notes executed by complainant and Carman. The complainant took indemnity from Carman, which he now says has failed. If he had not made the compromise, the defendant might perhaps have obtained the indemnity for his own benefit, and by greater diligence have made it available; or he might possibly have secured it in some other way from Carman. All that is now impossible. The defendant gave up the claims upon Carman, and accepted the undertaking of the complainant. *584 The court cannot, if it should rescind the contract, restore him to the position he then occupied.
By the compromise and the indemnity which he received, the complainant has precluded himself from going back to an inquiry into the original consideration. A mere renewal of the note might not have had such effect. Rentfrow v. Shaw, 4 How. 651. But the surrender of Carman’s note, and the acceptance of another security in lien of it, was a sufficient consideration to make the guaranty so far binding, as to render it improper for a court of chancery now to interfere.
The decree of the chancellor is affirmed.